UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE HAVIDIC,<br>JAMES JONES, and<br>CLYDE RUFF, individually and<br>on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM 1ST TRANSPORTATION,<br>LLC, and JOSH REINERT<br>Defendants. | Case No.: 1:17-cv-8757 |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiffs ROSE HAVIDIC ("Rose"), JAMES JONES ("James"), and CLYDE RUFF ("Clyde," collectively "Plaintiffs" ) on behalf of themselves and all other plaintiffs similarly situated, by and through their attorneys, and for their Complaint against Defendants FREEDOM 1ST TRANSPORTATION, LLC ("Freedom First") and JOSH REINERT ("Reinert," collectively "Defendants"), an individual, state as follows:

### NATURE OF CLAIMS

1. Plaintiffs bring this collective action on behalf of themselves and others similarly situated to challenge Defendants' unlawful practice of not paying employees for all hours worked and making unlawful deductions from pay.

2. Plaintiffs and other similarly situated employees were deprived of wages, including overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

1

201 *et seq.* and the Illinois Minimum Wage Law ("IWML"), 802 Ill. Comp. Stat. 105/1, *et seq.*, and that illegal deductions were taken from their wages in violation of the Illinois Wage Payment Collection Act ("IWPCA"), 802 Ill. Com. Stat. 115/9.

3. This lawsuit is brought as a collective action under 29 U.S.C. 216(b) to recover unpaid wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid overtime under the IMWL, unlawful deductions under the IWPCA.

## THE PARTIES

4. Plaintiff Rose Havidic worked for Freedom 1st in the past three years and is still employed there.

5. Plaintiff James Jones worked for Freedom 1st in the past three years.

6. Plaintiff Clyde Ruff worked for Freedom 1st in the past three years.

7. Freedom 1st Transportation, LLC is an Illinois Limited Liability Company located at 200 Poplar Place, North Aurora, Illinois.

8. Defendant Josh Reinert is the managing member of Freedom 1st Transportation, LLC. He is the individual in charge of Freedom 1st's day-to-day business operations. Defendant Reinert hires and fires drivers, directs and supervises employees and oversaw the practices described herein.

9. At all material times hereto, Defendant Freedom 1st and Defendant Reinert were the "employer" of Plaintiff and those similarly situated as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA, 820 ILCS § 115/2.

10. At all material times hereto, Plaintiff and those similarly situated were employed by Defendants as "employees" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL and the IWPCA, 820 ILCS § 115/1 *et seq*.

## JURISDICTION AND VENUE

11. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPCA, and unjust enrichment claims pursuant to 28 U.S.C. § 1367.

12. From at least 2014 to the present, Defendants Freedom 1st was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s).

13. The annual gross sales volume of Freedom 1st was in excess of $500,000.00 per each year since 2014.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendants are located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

## FACTUAL BACKGROUND

15. Defendant Freedom 1st provides transportation pursuant to various private and governmental contracts to transport special needs, disabled and elderly passengers to medical and other appointments.

16. Defendants hire drivers, including the Plaintiffs, to transport these passengers using vehicles owned by Freedom 1st.

17. Josh Reinert knew or should have known that the conduct described herein was illegal and directed the payment activities described herein.

18. At all times relevant hereto the Plaintiffs, and other drivers, were paid on an hourly basis.

### Off The Clock Time

19. Freedom 1st paid Plaintiffs and similarly situated employees (collectively referred to as "Drivers") beginning at the time the vehicle "rolled-off" the lot at the beginning of the day until the vehicle "rolled-in" the lot at the end of the day.

20. However, before "rolling-off" Drivers were required to complete extensive duties on their vehicles, including by reviewing and inspecting a detailed "Vehicle Pre-Trip Inspection" report related to their assigned vehicle and performing the tasks contained therein. At the end of the day after Drivers "rolled-in", they were required to perform compensable work. For example, they had to undertake a detailed accounting of monetary receipts and other paperwork and take time parking the vehicle. This work was required each day and therefore this off the clock work occurred each day.

21. The aforementioned off the clock work was compensable work, was more than *de minimus*, and the Defendants' refusal to pay for this time was intentionally done to lower their wage obligations.

22. Drivers were not compensated for the time it took to complete these pre-"roll off" and post-"roll-in" activities.

23. Furthermore, Freedom 1st sometimes did not compensate Drivers for the time driving between one passenger location to another passenger location. Additionally, Drivers were required to attend training programs. Such programs were usually located one to one and one half hours away from Freedom 1st. Freedom 1st did not compensate Drivers for the travel time to and from these training programs.

**Unauthorized Deductions From Pay**

24. In the event "red light camera tickets" or other moving violations were incurred by Drivers, no matter the legitimacy of any such ticket issued, the fine related to any such ticket/violation was deducted from the pay of the Driver assigned to the vehicle for the day in which the violation purportedly occurred.

25. Drivers do not sign any authorization for such deductions at the time the deduction is made.

## CLASS AND COLLECTIVE ALLEGATIONS

26. Plaintiffs seek to prosecute the case on behalf of current and former Freedom 1st Transportation, LLC drivers who were not compensated for all time worked and suffered unauthorized deductions from their pay.

27. Plaintiffs and other similarly situated current and former employees in the asserted class regularly were not paid for all hours actually worked.

28. At all times material to this Complaint, Defendants failed to comply with the FLSA and IMWL in that Plaintiffs and those similarly situated performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated employees for the correct amount of time actually worked.

29. Defendants have encouraged, permitted, and required Plaintiffs to work without properly paying them for all time worked.

30. Plaintiff brings the FLSA claims a collective action under 29 U.S.C. § 216(b), and the remaining claims as a class action under Federal Rule of Civil Procedure 23.

31. There are other current and former employees within the asserted class during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a collective action and a class action are superior procedures for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

32. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class and collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

33. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

34. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which could be contrary to the interest of justice and equity.

### COUNT I – FAIR LABOR AND STANDARDS ACT
**(Plaintiffs Individually and on Behalf of All Similarly Situated Pursuant to 29 U.S.C. § 216(b))**

35. Plaintiffs hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. At all relevant times, Defendants employed and/or continued to employ Plaintiffs and each member of the proposed class of hourly employees within the meaning of the FLSA.

37. Defendants failed to compensate Plaintiffs and similarly situated employees for all hours worked. This resulted in employees not receiving compensation, including not receiving the applicable overtime minimum wage compensation for all hours worked over forty in a work week pursuant to the overtime provision of the FLSA.

WHEREFORE, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

    A.    Certification of a Class of similarly situated Plaintiffs;

    B.    A declaratory judgment that Defendants willfully violated the provisions of the FLSA as to the Plaintiffs and the Class

    C.    Compensation in the amount of the owed wages for all time worked by Plaintiffs;

    D.    An additional amount equal as liquidated damages;

    E.    Prejudgment interest;

    F.    A judgment to Plaintiffs for reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    G.    Such other and further relief as this Court deems appropriate and just.

**COUNT II – ILLINOIS MINIMUM WAGE LAW**
**(Plaintiffs Individually and on Behalf of All Similarly Situated Pursuant to Fed. R. Civ. Pro. 23)**

38.    Plaintiffs hereby realleges and incorporates paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39.    Defendants failed to compensate Plaintiffs and similarly situated employees for all hours worked. This resulted in employees not receiving compensation, including not receiving the applicable overtime minimum wage compensation for all hours worked over forty in a work week pursuant to the overtime provision of the IMWL.

40.    Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

WHEREFORE, Plaintiff requests the following relief:

A. Certification of a class of similarly situated Plaintiffs;.

B. A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;

C. A declaratory judgment that Defendants' violations of the IMWL were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid wages;

E. A judgment to the Plaintiff and the Class of punitive damages as provided by IMWL;

F. A judgment to Plaintiff and those similarly situated of reasonable attorneys' fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Plaintiffs Individually and on Behalf of All Similarly**
**Situated Employees Pursuant to Federal Rule of Procedure 23)**

41. Plaintiffs hereby reallege and incorporate paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42. The foregoing actions of Defendants constitute violations of the Illinois Wage Payment and Collections Act (IWPCA). Defendants' actions were willful and not in good faith.

43. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115. 820 ILCS §115/4 provides in part that"[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

9

44. 820 ILCS 115/9 provides as follows:

> Except as hereinafter provided, **deductions by employers from wages or final compensation are prohibited** unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) [made by certain governmental entities]. (emphasis added)

45. Defendants violate the IWPCA, 820 Ill. Comp. Stat. 115/1 *et seq.*, failing to pay employees for all time worked and by making unlawful deductions taken by Defendants from their pay.

46. Plaintiffs seek all unpaid wages as well as reimbursement for all unlawful deductions taken by Defendants from their pay.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A. Certification of a class of similarly situated Plaintiffs;

B. A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff and the Class;

C. A declaratory judgment that Defendant's violations of the IWPCA were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid wages and all unauthorized deductions;

E. A judgment to Plaintiff and the Class of punitive damages as provided by IWPCA.

## COUNT IV- RETALIATION
### (Individual Claim- and Rose Havidic)

47. Plaintiff, Rose Havidic, hereby realleges and incorporates paragraphs 1 through 46 of this Complaint, as if fully set forth herein.

48. Plaintiff, Rose Havidic, complained about the illegal pay practices, including those alleged herein, and had subsequently adverse employment actions taken against her, including *inter alia,* the reduction in work hours and compensation.

49. The Plaintiff, Rose Havidic, respectfully requests all damages and other relief she is entitled to under the law proximately caused by Defendants' retaliatory conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of all similarly situated employees whom Plaintiff seeks to represent in this action, request the following:

1. Certification of Count I of this lawsuit as a collective action brought pursuant to 29 U.S.C. § 216(b);

2. That Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present drivers that performed driving services during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

3. That the Court find the Defendants' violations of the FLSA were willful;

4. Certification of Counts II and III of this case as a class action pursuant to Rule 23 of the Federal Rule of Civil Procedure;

5. Designation of Plaintiff as representative of the class and collective actions;

6. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL, IWPCA, and Illinois common law.

7. Restitution for all wages, including overtime, that are due to Plaintiff and the Class;

8. Restitution for all other benefits due to Plaintiff and the Class to which they are entitled as employees, including reinstatement;

9. Restitution for all unauthorized deductions taken from Plaintiff and the Class;

10. Attorney's fees and costs; and,

11. Any other relief to which the Plaintiff and the Class members may be entitled.

**DEMAND FOR JURY TRIAL**

Dated: December 5, 2017            Respecfully submitted,
Rose Havadic, James Jones, and
Clyde Ruff

By:    /s/    /s/ David Fish _____
One of the Plaintiffs attorneys

Russell J. Heitz
Attorney at Law
Law Office of Heitz & Bromberek, Ltd.
300 E. 5th Ave., Suite 380
Naperville, Il. 60563
Ph: +1-630-355-1458 (Ext. 214)
Fx: +1-630-355-4390

David J. Fish
John Kunze
Kim Hilton
THE FISH LAW FIRM, P.C.
200 E. 5th Ave., Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400
dfish@fishlawfirm.com